**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Hon. Michael E. Farbiarz |
| v. | Criminal No. 24-99 |
| RAHEEL NAVIWALA, | |
| Defendant. | |

## <u>STATEMENT CHALLENGING THE GOVERNMENT'S EXHIBITS</u>

Defendant, Mr. Naviwala, through the undersigned counsel, respectfully submits this statement noticing the defense's intent to challenge the authenticity and chain of custody of most of the government's trial exhibits.

After telling this Court that the government expects to put on its case-in-chief in 10 days, the government submitted to counsel a whopping 122-page exhibit list listing over 2,120 exhibits. It is highly unlikely that the government actually intends to use all of these exhibits at trial. If the government were to take only 5 minutes with each exhibit and present no other testimony from its anticipated 13 cooperating witnesses, it would still take **_over 22 days_** to present these exhibits to the jury. Nor has the government produced any summary exhibits that would facilitate speedier presentation of said records. The government's exercise is plainly being done to require defense counsel to spend a tremendous amount of time tracking down the source of thousands of exhibits that the government likely does not meaningfully intend to use, as opposed to spending those resources preparing for trial.

The exhibits are not organized or described in a manner that reflect where these records came from, and the government has ignored the defense's request to identify in the government's production where the government has properly disclosed the chain of custody and source of these

1

records. The difficulty in being able to identify the government's exhibits is further exacerbated by the government's decision to not bates label many of the records it has produced to us. Some of these productions were accompanied by promises that they would be supplemented with bates-labeled versions, but several months have passed, we now have thousands of exhibits, and the government has not supplemented its productions as previously represented.

For example, government's Exhibit 3006 is a PDF that is approximately 63 pages long and is described as "Application Data Report for Parra Health Inc., printed on February 22, 2018, including CMS 855S signed by Kareem Memon and Silvana Parra on February 26, 2018." The exhibit list contains a reference number; however, that reference number is the same singular number for every page of a PDF document that is over 300 pages long. Thus, we cannot easily determine from where in the 300-page PDF this document came from without searching through the entire PDF and comparing each page of the exhibit page-by-page to the original 300+ page PDF. Nor can we determine whether it is appropriate to consider the 63 pages together as one exhibit (it appears they are three separate records lumped together as one). This laborious exercise does not answer from where the government obtained these records, why it would make sense for the three records to be presented together as one exhibit, or their chain of custody. While we continue to review the government's exhibits, we have already found at least one exhibit that does not appear to be accurate.

The government has also refused to disclose the source of many of its records in discovery. In other words, it is not possible for us to determine that these records are what the government purports for them to be because the government has not disclosed where they came from (much less what the government purports them to be). For example, the government lists as an exhibit a document that was produced to us in November with the following description:

> Documents and materials identified as ICN 1969, which generally consists of materials received from the Criminal Division, Fraud Section related to a separate investigation. See United States v. Nelly Petrosyan, 19-674(GC) (DNJ). These materials hit on the following search terms: Prudent /2 Group, Raheel, Rahil, Naviwala, Kareem, Memon, Raheel w/3 Naviwala, Rahil w/3 Naviwala, Kareem w/3 Memon, Elite /2 Healthcare, theprudentgroup@gmail.com, "(954) 657-3025", elitehealthcaresolutionsllc@gmail.com, and Parra /2 Health.

The government also lists various records that were provided to its expert the source of which is not identified at all. With these descriptions, the defense is not able to determine where this record came from, whether there is reason to doubt the reliability of the source of the record, and whether it is wise to concede that the government can prove its chain of custody. These are but two examples. We have asked the government for this information, but they have refused to direct us to or provide us with this information.

Under these circumstances, the government has not provided the undersigned with the necessary information to determine whether it would be appropriate to concede authenticity or chain of custody for the majority of its exhibits. The defense's explanation for each category of government exhibits is below. In the event the defense determines that it has sufficient information to concede authenticity and/or chain of custody of additional exhibits as it has more time to review the material and, hopefully, is provided more information by the government, the defense will entertain stipulations from the government. The defense's inability to concede authenticity and chain of custody at this time is being made in good faith.

*Contracts and Invoices* (Exhibit Nos. 1001-1502)

The defense is not in a position at this time to concede authenticity or chain of custody.

*Doctors Orders and Patient Recordings* (Exhibit Nos. 2001-2222j)

The defense is not in a position at this time to concede authenticity or chain of custody.

*DME Documents* (Exhibit Nos. 3001-3129)

The defense is not in a position at this time to concede authenticity or chain of custody.

*Emails* (Exhibit Nos. 4001-4714)

The defense is not in a position at this time to concede authenticity or chain of custody.

*Text Messages* (Exhibit Nos. 5001-5406)

The defense is not in a position at this time to concede authenticity or chain of custody.

*Financial Records* (Exhibit Nos. 6001a-6025f).

The defense does not intend to contest the authenticity or chain of custody for Exhibits 6002a-6025f. The defense contests the three exhibits marked 6001a, 6001b, and 6001c. Exhibits 6001a and 6001c purport to be "certifications," but are not traditional records certifications and instead contain inadmissible, testimonial hearsay. Exhibit 6001a is a letter dated December 2, 2024 supposedly transmitting documents in response to a grand jury subpoena that was issued nearly a year earlier, February 9, 2024. The letter references a zipped file attached alongside the letter, which states it is being sent via email.  Exhibit 6001b is an excel spreadsheet that cannot correspond with Exhibit 6001a's transmittal letter because it was produced to the defense in April 2024. Exhibit 6001c is a document titled "Certification," which is also dated December 2, 2024, even though it is purportedly being sent in response to a grand jury subpoena issued in February 2024. There are records contained in the "certification" PDF but they are not bates labeled. Given the inconsistencies with the dates of the "certifications" and the timing of Exhibit 6001b's production, the defense is not in a position to concede authenticity or chain of custody for these three exhibits without further information from the government.

*Summary Charts* (Exhibit Nos. 7001-7201)

The government has not produced any of these charts to the defense, notwithstanding it

intends to have one of its expert witnesses testify about the charts and those disclosures were due on October 8, 2024. The government has suggested, if not confirmed, that it intends to introduce these charts as substantive evidence in its case-in-chief but has refused to tell the defense when it intends to produce these charts. Accordingly, the defense is not in a position to concede authenticity or chain of custody for these exhibits.

*Cooperation and Plea Agreements* (Exhibit Nos. 8001-8028)

The defense does not intend to contest the authenticity or chain of custody of these records.

*Miscellaneous* (Exhibit Nos. 9001-9006)

The defense does not intend to contest the authenticity or chain of custody of Exhibit 9001. As to the remainder of these exhibits, the government has not provided the defense with sufficient information to determine whether it should concede chain of custody or authenticity. These are physical exhibits, the existence of which were first disclosed to the defense on December 20th. It does not appear that the government has provided the defense with the chain of custody for these exhibits, and we have not had the opportunity to inspect them at the time of this filing.

5

Dated: January 6, 2025

                                           Respectfully submitted,

FORD O'BRIEN LANDY LLP

*/s/ Jamie Hoxie Solano*
Jamie H. Solano
Ifedapo Benjamin
Bryan McCracken
275 Madison Avenue, 24th Floor
New York, NY 10016
T: (212) 858-0040
jsolano@fordobrien.com
ibenjamin@fordobrien.com
bmccracken@fordobrien.com

*Counsel for Defendant Raheel Naviwala*

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing notice was served on counsel of record on January 6, 2025, by causing said documents to be filed electronically using the Court's CM/ECF system.

*/s/ Jamie Hoxie Solano*
Jamie H. Solano
