**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

     v.

RAHEEL NAVIWALA

Hon. Michael E. Farbiarz

Crim. No. 24-99

---

**RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTIONS *IN LIMINE***

---

VIKAS KHANNA
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515
970 Broad Street
Newark, New Jersey 01702
(973) 645-2700

On the Brief:
Elaine K. Lou
Matthew Specht
Aaron L. Webman
Assistant United States Attorneys

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 3

I.    The Court Should Deny Defendant's Motion to Strike Surplusage. ................. 3

II.   The Court Should Deny Defendant's Motion to Prohibit the Government from Introducing Coconspirator Statements. ........................................................... 5

III.  The Court Should Deny as Moot Defendant's Motion to Exclude Evidence of Risks Associated with the Improper Prescription and Use of DME and Braces. ............................................................................................................. 6

IV.   The Court Should Deny Defendant's Motion to Exclude Evidence of Parra Health. ............................................................................................................. 6

V.    The Court Should Deny Defendant's Motion to Exclude Evidence About Medical Determinations. .................................................................................. 7

VI.   The Court Should Deny Defendant's Motion to Suppress His Proffer Statement. ........................................................................................................ 9

VII.  To the Extent the Government Offers Expert Testimony, the Government Has No Objection to Drawing a Distinction Between Fact and Expert Testimony. ....................................................................................................... 10

VIII.    The Court Should Deny Defendant's Remaining Motions as Moot.......... 11

CONCLUSION................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*United States v. Alsugair*, 256 F. Supp. 2d 306 (D.N.J. 2003) .................................... 3

*United States v. Dunn*, No. 22-2163, 2024 WL 863354 (3d Cir. Feb. 29, 2024) ........ 10

*United States v. Harmon*, No. 18-2683, 2022 WL 17369594 (3d Cir. Dec. 2, 2022) .. 10

*United States v. Hedgepeth*, 434 F.3d 609 (3d Cir. 2006) ............................................ 3

*United States v. Jafari*, 648 F. App'x 226 (3d Cir. 2016) ............................................ 4

*United States v. Mattia*, Crim. No. 21-576 (BRM), 2024 WL 2834154 (D.N.J. June 3, 2024) ................................................................................................................ 9

*United States v. Memon*, 0:24-cr-60004 (S.D. Fla.) ...................................................... 7

*United States v. Memon*, Crim. No. 24-17 (MEF) ........................................................ 7

*United States v. Onyenso*, 615 F. App'x 734 (3d Cir. 2015) ........................................ 4

*United States v. Smith*, 282 F.3d 758, 769 (9th Cir. 2002) ........................................ 4

*United States v. Tucker*, 714 F.3d 1006, 1016 (7th Cir. 2013) .................................. 10

**Rules**

Federal Rule of Evidence 801 ........................................................................................ 5

**INTRODUCTION**

The Government files this Response in Opposition to defendant Raheel Naviwala's Motions *in Limine*. *See* ECF No. 68-1 (the "Motions"). For the reasons that follow, the Court should:

- Deny Defendant's motion to strike surplusage, because he has not shown what allegations are prejudicial or irrelevant.

- Deny Defendant's motion to prohibit the Government from introducing coconspirator statements, for the reasons set forth in the Government's Motions *in Limine*, ECF No. 66 (the "Government's Motions").

- Deny as moot Defendant's motion to exclude evidence of the "risks attendant to the improper prescription and use of DME and braces," because the Government does not expect to elicit that testimony.

- Deny Defendant's motion to exclude evidence of the DME company Parra Health because, as alleged in the Superseding Indictment, *see* ECF No. 73,[1] Defendant owned and/or controlled Parra Health in furtherance of his criminal activity.

- Deny Defendant's motion to exclude evidence about medical determinations, because the Superseding Indictment alleges that Defendant conspired with telemedicine companies and there is no basis for the exclusion.

---

[1] On January 3, 2025, a grand jury returned the Superseding Indictment, ECF No. 73, which did not add new charges but provided additional detail about certain allegations against Defendant. As described below, some of the additional details in the Superseding Indictment moot certain of Defendant's Motions.

- Deny Defendant's motion to suppress his proffer statement, for the reasons set forth in the Government's December 31, 2024 letter, *see* ECF No. 70 (the "Government's Letter"), and the Government's Motions.

The Government takes the following positions on Defendant's remaining motions:

- The Government does not object to drawing a distinction between an expert witness's fact testimony and expert testimony.

- The Government does not intend to introduce in its case-in-chief evidence of Defendant's prior convictions, gun possession, or "sovereign citizen" ideology, but reserves the right to introduce evidence as appropriate if Defendant opens the door.

- The Government does not intend to argue that jurors are victims of Defendant's conduct.

- While the Government will show that Defendant's sham agreements and other acts of concealment evince his fraudulent intent and guilty mind, it does not intend to argue that those agreements are the false statements that form the basis of the fraud charges.

- Finally, the Government does not object to Defendant's request to bifurcate the forfeiture portion of the trial, as appropriate.

2

## ARGUMENT

### I.    The Court Should Deny Defendant's Motion to Strike Surplusage.

The Court should deny Defendant's motion to strike surplusage because Defendant has not identified any allegations that are irrelevant or prejudicial.

To prevail on a motion to strike an allegation as surplusage, a defendant must show that the allegation is both irrelevant and prejudicial. *United States v. Hedgepeth*, 434 F.3d 609, 613 (3d Cir. 2006). Motions to strike allegations as surplusage are evaluated under an "exacting standard," *United States v. Alsugair*, 256 F. Supp. 2d 306, 317 (D.N.J. 2003), and "are rarely granted," *Hedgepeth*, 434 F.3d at 611. "A motion to strike surplusage from an indictment is addressed to the sound discretion of the District Court and should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory or prejudicial matter." *Alsugair*, 295 F. Supp. 2d at 317 (cleaned up).

Here, Defendant claims that it was surplusage to allege that his coconspirators and others established DME Companies in 2015, because the alleged conspiracy began in 2017. Mots. at 1. But this background evidence is clearly relevant, among other things, to identify Defendant's coconspirators and explain how they began and advanced the scheme. Defendant fails to explain how this information about certain of his coconspirators prejudices *him*. *See id.* And his cited cases do not support a finding of prejudice. Instead, the Third Circuit has affirmed the introduction of similar "background" evidence relevant to criminal health care

3

conspiracies. *United States v. Jafari*, 648 F. App'x 226, 229 (3d Cir. 2016) (evidence of other doctors' receipt of kickbacks admitted as "background on the conspiracy" and "to establish the credibility of the government's witnesses"). In *United States v. Onyenso*, for example, the Third Circuit found that testimony about illegal kickback payments made to other doctors "before" the defendant started receiving such kickbacks was "properly admitted as background information . . . to provide information about why and how [a coconspirator] developed and operated the kickback scheme." 615 F. App'x 734, 736 (3d Cir. 2015); *see also United States v. Smith*, 282 F.3d 758, 769 (9th Cir. 2002) (evidence was admissible to "help the government provide the 'background and development' of the conspiracy, and would help explain why" a coconspirator "trusted" the defendant "enough to include him in the risky scheme"). The same logic applies here to coconspirators' DME-related conduct before conspiring with Defendant to commit DME-related crimes.

Similarly, Defendant has not explained how he is prejudiced by the now-Superseding Indictment's references to "others," or how that language "prejudicially paint[s] the scheme larger than what is actually charged." *See* Mots. at 2. The Superseding Indictment need not set forth by name every alleged coconspirator, and it accurately alleges that Defendant conspired with individuals other than those specifically named. The evidence at trial will show that Defendant conspired with others not named in the Superseding Indictment, as previewed in the Government's Motions and elsewhere. *See* Gov't Mots. at 12–13 (listing coconspirators not named

4

in Superseding Indictment). Therefore, far from surplusage, the reference to "others" accurately describes the conduct at issue in this case.[2]

## II.   The Court Should Deny Defendant's Motion to Prohibit the Government from Introducing Coconspirator Statements.

The Court should deny Defendant's motion to prohibit introduction of out-of-court coconspirator statements.

A coconspirator's out-of-court statement is generally admissible as "not hearsay if . . . [t]he statement is offered against a party and it is a statement by a conspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). As set forth in the Government's Motions, for any such statement, the Government will make the required showing to allow the Court to find by a preponderance of the evidence that a conspiracy existed, the declarant was more likely than not a coconspirator, and that the statement was made in furtherance of the conspiracy. *See* Gov't Mots. at 11–15.

Defendant's Motions offer no reason to depart from the usual practice as to Rule 801, and his claim that "the government has refused to identify who it contends are Mr. Naviwala's coconspirators," *see* Mots. at 5, is belied by the lists of five coconspirators named in the Superseding Indictment, 13 coconspirators

---

[2] Defendant's December 21, 2024 Motions reserved the right to file additional motions *in limine* because "Mr. Naviwala has not received the government's trial exhibits yet." *See* Mots. at 1 n.1. While the Government does not object to the filing of additional motions *in limine* if new grounds to do so arise, the Government provided its exhibits to Defendant on December 20, 2024, in compliance with the Amended Scheduling Order. *See* ECF No. 35.

referenced in the Government's Motions, *see* Gov't Mots. at 12–13, and more than 11 coconspirators Defendant himself identified in his proffer, *see* Gov't Mots. Ex. B.[3]

### III. The Court Should Deny as Moot Defendant's Motion to Exclude Evidence of Risks Associated with the Improper Prescription and Use of DME and Braces.

Defendant moves to exclude Dr. Johnson's testimony about the "risks attendant to the improper prescription and use of DME braces." *See* Mots. at 5.

As set forth in the Government's response to Defendant's Motion to Strike, the Government no longer expects to elicit that testimony from Dr. Johnson. *See* ECF No. 74, Gov't Opp. to Def't Mot. to Strike Gov't Experts at 1 n.1. The Court should therefore deny Defendant's motions motto exclude such testimony, without prejudice to renewal if circumstances change.

### IV. The Court Should Deny Defendant's Motion to Exclude Evidence of Parra Health.

Defendant's motion to exclude evidence relating to Parra Health—a DME company Defendant owned, operated, or had a financial or controlling interest in—rests on the theory that "[t]he Indictment does not charge Mr. Naviwala with operating a DME Company himself." *See* Mots. at 7. But that argument is now irrelevant, because the Superseding Indictment alleges that Defendant "owned, operated, and/or had a financial or controlling interest in DME supply companies[.]" Superseding Indictment at 3–4.

---

[3] The FBI memorandum of Defendant's proffer was submitted to the Court under seal as Exhibit B to the Government's Motions.

In any event, evidence relating to Parra Health is clearly relevant because it is probative of Defendant's knowledge of the industry and its legal requirements. Defendant's relationship to Parra Health was substantial. For example, he signed Parra Health's Medicare forms, which acknowledged that any submitted claims complied with the relevant laws, regulations, and program instructions. Defendant also participated in correspondence regarding Parra Health and had signature authority of Parra Health's business banking account. His active role in Parra Health—a DME supply company—is strong evidence that he knew and understood the rules and regulations he conspired to violate.

While Defendant now attempts to minimize his affiliation with Parra Health, *see* Mots. at 8, he admitted during his proffer interview with law enforcement that Parra Health, among other things, was opened for Defendant and his coconspirator Kareem Memon. *See* Gov't Mots. Ex. B at 3–4. Memon pleaded guilty and was sentenced to 96 months of incarceration for his role in the conspiracy. *See generally United States v. Memon*, 0:24-cr-60004 (S.D. Fla.), ECF No. 52 (amended judgment); *see also United States v. Memon*, Crim. No. 24-17 (MEF). The Government anticipates that Memon will testify at trial in this case about Defendant's substantial role in Parra Health.

In short, Defendant's motion pertaining to Parra Health should be denied.

## V.    The Court Should Deny Defendant's Motion to Exclude Evidence About Medical Determinations.

Defendant seeks to exclude "testimony second guessing the necessity determinations by the doctors who signed the prescriptions for braces" in the

conspiracy, because he "is not alleged to have conspired with doctors to generate fake prescriptions." *See* Mots. at 9. But a central allegation in this case is that Defendant and others conspired to defraud insurers by causing the submission of claims without regard to medical necessity and used telemedicine companies with which they had relationships in furtherance of the fraud. *See* Superseding Indictment at 11 ("In furtherance of the conspiracy, NAVIWALA worked with and paid telemedicine companies to provide prescriptions for orthotic braces . . . without regard to medical necessity . . . ."). Thus, evidence about bogus DME prescriptions is highly relevant and admissible.

Defendant claims this evidence will be "confusing" and "dangerous" because "medical appropriateness" is "irrelevant to the central question of [Defendant's] knowledge and intent." Mots. at 11. Not so. Defendant personally worked with and paid telemedicine companies to obtain those fraudulent prescriptions—conduct that is intrinsic to the scheme and specifically alleged in the Superseding Indictment. *See* Superseding Indictment at 11. The Government also expects that evidence at trial will show that beneficiaries were not billed for the telemedicine visits or the braces they were prescribed as a result of those visits, because it was understood that beneficiaries would not pay for the visits or braces that were provided without regard to medical necessity. The Government expects to call as witnesses individuals associated with telemedicine companies, at least one telemedicine doctor, and beneficiaries who were sent DME from companies associated with Defendant. To exclude this evidence—including the testimony of a doctor involved

8

in the conspiracy and beneficiaries who were sent DME on the basis of fraudulent prescriptions—would be illogical.

Defendant fails to cite any authority excluding such evidence from trial. Instead, he relies exclusively on an unpublished district court opinion that was wrongly decided and is currently being appealed to the Third Circuit. *See* Mots. at 11 (citing *United States v. Mattia*, Crim. No. 21-576 (BRM), 2024 WL 2834154, at *7 (D.N.J. June 3, 2024), appeal docketed 24-2589 (3d Cir. Aug. 26, 2024)). In any event, that decision does not address a defendant who operated a DME company or who managed relationships with telemedicine companies, as is the case here. *See* Gov't Opp. to Motion to Dismiss, ECF No. 59, at 5–9 (distinguishing *Mattia*).

## VI. The Court Should Deny Defendant's Motion to Suppress His Proffer Statement.

For the reasons set forth in the Government's Letter, *see* ECF No. 70, the Defendant's Motion to suppress his proffer statements should be denied.

As discussed in the Government's Motions, *see* ECF No. 66, the Government may introduce evidence of Defendant's proffer statement if Defendant takes the stand in his defense or his counsel introduce evidence or argument that contradicts Defendant's statements in the proffer. This includes inferring facts in conflict with the proffer statement. *See* Gov't Mots. at 3–9.

To the extent Defendant breaches the proffer agreement he signed, the Government agrees to raise the issue with the Court during a break, at sidebar, or otherwise outside the presence of the jury so the Court can rule on the issue.

9

**VII.    To the Extent the Government Offers Expert Testimony, the Government Has No Objection to Drawing a Distinction Between Fact and Expert Testimony.**

The Third Circuit has recently endorsed the use of dual capacity testimony. *United States v. Dunn*, No. 22-2163, 2024 WL 863354, at *3 (3d Cir. Feb. 29, 2024) Indeed, the Third Circuit has pointed out that it could find no precedent "to support the proposition that dual capacity testimony is per se improper" and observed that "the opposite appears true." *Id.* (citing *United States v. Tucker*, 714 F.3d 1006, 1016 (7th Cir. 2013) (noting that such testimony is "routinely upheld")). While the *Dunn* court approved the "implementation of various safeguards" to protect against any risk of unfair prejudice, including cautionary instructions and cross-examination, the Third Circuit has held that the decision to allow a law enforcement agent "to serve as both a lay and expert witness without a specific jury instruction on dual capacity testimony . . . was not error at all." *United States v. Harmon*, No. 18-2683, 2022 WL 17369594, at *3 (3d Cir. Dec. 2, 2022), *cert. denied sub nom. Little v. United States*, 143 S. Ct. 2692 (2023).

The *Harmon* court observed that "a cautionary instruction on dual capacity witness testimony can do more harm than good." *Id.* at *3 n.3 (quoting *United States v. Moreland*, 703 F.3d 976, 983–84 (7th Cir. 2012) ("Telling the jury that a witness is both a lay witness and an expert witness and will be alternating between the two roles is potentially confusing—and unnecessary.")). Other potential prophylactic measures include, "a properly structured direct examination which makes clear when the witness is testifying as to facts or when he is offering his

expert opinion, establishing the proper foundation for the expert component of the testimony, and allowing for the rigorous cross-examination of the dual capacity witness." *Id.* (quoting *Tucker*, 714 F.3d at 1016).

The Government has taken the position that Quindoza's testimony is not expert testimony within the meaning of Federal Rule of Evidence 702.[4] *See* Gov't Opp. to Def't Mot. to Strike Gov't Experts at 2–6. If the Court disagrees, only a sliver of Quindoza's proposed testimony would express an opinion that may be considered expert testimony. *Id.* The Government does not object to drawing a clear delineation between this and the balance of Quindoza's testimony—either through a break in the direct examination or through an appropriate jury instruction.

## VIII.  The Court Should Deny Defendant's Remaining Motions as Moot.

The Government does not intend to introduce in its case-in-chief evidence of Defendant's prior convictions, gun possession, or "sovereign citizen" ideology, *see* Mots. at 14–15, but reserves the right to introduce such evidence as appropriate if Defendant opens the door. The Government does not intend to argue to the jury that they are victims of Defendant's conduct. *See* Mots. at 17. And while the Government will show that Defendant's sham agreements and other acts of concealment show his fraudulent intent and guilty mind, it does not intend to argue

---

[4] Defendant asserts, without support, that the Government can only use summary charts in connection with lay testimony because it has not yet produced those summary charts. Regardless, the Government agrees that summaries of the DME Supply Companies' data is fact evidence that can be introduced through Quindoza's lay testimony.

11

that those agreements are the false statements that form the basis of the fraud

charges. *See* Mots. at 11. The Government does not object to Defendant's request to

bifurcate the forfeiture portion of the trial, as appropriate. *See* Mots. at 12.

## CONCLUSION

The Government respectfully asks the Court to rule on Defendant's various

motions *in limine* for the reasons stated in each individual section above.

> Respectfully submitted,
> VIKAS KHANNA
> Attorney for the United States
> Acting Under Authority Conferred by
> 28 U.S.C. § 515
>
>
> By:    /s/ Matthew Specht
>
> Elaine K. Lou
> Matthew Specht
> Aaron L. Webman

Dated: January 6, 2025                  Assistant United States Attorneys

12

**CERTIFICATE OF SERVICE**

I certify that, on January 6, 2025, I caused service of the foregoing on all

counsel of record through the Court's electronic filing system.


<u>/s/ Matthew Specht</u>
MATTHEW SPECHT
Assistant U.S. Attorney