## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

RAHEEL NAVIWALA,

        Defendant.

Hon. Michael E. Farbiarz

Criminal No. 24-99

## DEFENDANT RAHEEL NAVIWALA'S
## REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTIONS *IN LIMINE*

FORD O'BRIEN LANDY LLP

Jamie Hoxie Solano
Ifedapo Benjamin
Bryan W. McCracken
275 Madison Ave., Fl. 24
New York, NY 10016
T: (212) 858-0040
jsolano@fordobrien.com
ibenjamin@fordobrien.com
bmccracken@fordobrien.com

*Counsel for Defendant Raheel Naviwala*

**Table of Contents**

I.  The government has not explained how the introduction of coconspirators' conduct starting two years before the charged conspiracy is relevant "background" information and references to acts from "others" prejudices Mr. Naviwala ...........................................1

II.  The government should be required to show each declarant is a coconspirator with Mr. Naviwala before admitting their statements under Rule 801(d)(2)(E) ...............................2

III.  The Court should exclude Dr. Johnson's testimony ...........................................................3

IV.  The government fails to show how Parra Health is intrinsic to the original Indictment and has not appropriately noticed this conduct under Rule 404(b) ...........................................3

V.  The government's evidence about medical determinations should be excluded unless and until the government can prove that Mr. Naviwala conspired with doctors ........................4

VI.  The government's continued breaches of the proffer agreement and failure to address the indication that it was not entered into knowingly demand that it should not be enforced in this case ...................................................................................................................................6

VII.  The government's position that Mr. Quindoza is a fact witness is wrong, but they have conceded that safeguards are appropriate if he testifies........................................................6

VIII.  The Court should keep the jury following any verdict to determine forfeiture ..................7

IX.  The government has conceded the appropriateness of the remainder of Mr. Naviwala's motions..................................................................................................................................7

## **Table of Authorities**

Cases                                                                                                                    Page(s)

*United States v. Madigan*,
  2024 WL 3848568 (N.D. Ill. Aug. 16, 2024) ............................................................................. 3

*United States v. Smith,*
  282 F.3d 758 (9th Cir. 2002) ..................................................................................... 2


Rules

Fed. R. Evid. 403 ...............................................................................................................4

Fed. R. Evid. 404(b).................................................................................................1, 2, 3, 4

Fed. R. Evid. 701 ...............................................................................................................6

Fed. R. Evid. 702 ...............................................................................................................7

Fed. R. Evid. 801(d)(2)(E).................................................................................................2, 3

Defendant, Raheel Naviwala, respectfully submits this reply memorandum in further support of his motions *in limine*.

**I.     The government has not explained how the introduction of coconspirators' conduct starting two years before the charged conspiracy is relevant "background" information and references to acts from "others" prejudices Mr. Naviwala.**

The references to "others" and allegations outside the charged time period must be stricken as surplusage. The government's argument that allegations outside the charged time period should remain as "background evidence" should be rejected. Gov't Opp. at 3, ECF No. 76. The cases the government argues supports its position does not apply here, and it has not provided this Court with any basis to reflect that conduct from coconspirators two years prior to the formation of a conspiracy would be relevant or material to the charges against Mr. Naviwala. *United States v. Jafari*, *United States v. Onyenso*, and *United States v. Smith*, have nothing to do with a motion to strike, and there was no argument or issue about whether the government could properly include and introduce illegal conduct that was outside the charged conspiracy's time period. Nor does the government have an answer for the obvious: that the only probative value of including these inappropriate allegations is to support an inference of guilt by association. The government has failed completely to identify how evidence of two years of illegal conduct by alleged coconspirators that has nothing to do with Mr. Naviwala is relevant, necessary, and not unduly prejudicial. The time period of this conduct is nearly as long as that of the charged conspiracy. Mr. Naviwala should have to defend against the conduct charged during the conspiracy, not against years of his coconspirators' conduct before the conspiracy occurred.

The *Smith* case the government also relies on is distinguishable. In *United States v. Smith*, the government was seeking to introduce Rule 404(b) evidence involving whether defendant engaged in the criminal operation years prior to the charged conduct to show defendant's

1

"knowledge and intent, and to show why . . . a leader of the organization, trusted [defendant] enough to invite him to take part" in the scheme. 282 F.3d 758, 768 (9th Cir. 2002). The court only allowed the evidence in under a Rule 404(b) analysis where it found that defendant's prior criminal "endeavors with [his coconspirator] would help the government provide the 'background and development' of the conspiracy." *Id.* Here, the government has not noticed any conduct under Rule 404(b) and the inclusion of this evidence does not prove Mr. Naviwala's knowledge, intent, or trust in an organization.

The government's argument about "others" should also be rejected. The government recently superseded its Indictment and had the opportunity to fix this but strategically chose not to. It completely ignores the several cases from this District striking references to "others" where, as here, it prejudices Mr. Naviwala because it paints a scheme larger than what was actually charged.

**II.    The government should be required to show each declarant is a coconspirator with Mr. Naviwala before admitting their statements under Rule 801(d)(2)(E).**

The government's characterization of Mr. Naviwala's motion is incorrect. Mr. Naviwala is not requesting that this Court prohibit the government from introducing coconspirator statements. He is, instead, requesting that the Court require the government to show that each declarant is actually a coconspirator of Mr. Naviwala's before allowing the government to introduce the statements under Rule 801(d)(2)(E). The government seems to confuse the concept of a coconspirator and its legal significance. If the government is taking the position that a person who communicated with Mr. Naviwala is a "coconspirator," it must be able to prove that the individual entered into the agreement and the discussion was in furtherance of that agreement. It is not enough that Mr. Naviwala knows the identities of other individuals who worked in the healthcare space. Nor is it sufficient that the individuals appear on the same email

as Mr. Naviwala. If the government wants to introduce these statements under the coconspirator rule, it must be able to prove it. Given the government's refusal to identify who it actually intends to prove were coconspirators with Mr. Naviwala, the government should be required to provide, at minimum, a proffer of what evidence will link the declarant to a conspiracy with Mr. Naviwala at trial before the Court permit introduction of any evidence under this Rule. *See, e.g., United States v. Madigan*, 2024 WL 3848568, at *2 (N.D. Ill. Aug. 16, 2024) (referencing government proffer detailing evidence to show declarants were coconspirators of the defendant to assist in determining whether those statements should be admitted under Rule 801(d)(2)(E)).

**III.    The Court should exclude Dr. Johnson's testimony.**

The government no longer cares to defend its disclosures for Dr. Johnson's expert testimony and does not explain why testimony about the hypothetical harms of braces would be appropriate in this case. But the government suggests that its position on this point may change in the future. Gov't Opp. at 6. This Court should grant Mr. Naviwala's motion—the government makes no showing as to how this evidence is relevant in this case and has not defended these arguments. In all circumstances any probative value of this evidence is far outweighed by its unduly prejudicial nature.

**IV.    The government fails to show how Parra Health is intrinsic to the original Indictment and has not appropriately noticed this conduct under Rule 404(b).**

The government concedes that its Superseding Indictment has now added an entirely new block of charged conduct to the case—Mr. Naviwala allegedly operating and/or having an interest in DME Companies directly. Gov't Opp. at 6. Because this is newly charged conduct, it renders the charges in the Superseding Indictment untimely and barred by the statute of limitations.

3

In the event that the Superseding Indictment is dismissed, evidence of Parra Health or these other DME Companies should not be admitted at trial. They are not "intrinsic" to the original charges, which rest on Mr. Naviwala's alleged ownership of companies that amassed information about patient records and doctors order to provide *to* the Subject DME Companies. His alleged running a DME Company himself is not intrinsic to that alleged scheme. The government has not noticed any extrinsic conduct under Rule 404(b) by the deadline, nor should this evidence come into this case. The government's argument that this evidence would show "knowledge of the industry and legal requirements" because Mr. Naviwala allegedly signed a form document saying that he is complying with all laws is not compelling. *See* Gov't Opp. at 7. Any probative value in a document that says, in essence "I will follow all applicable laws and regulations" is a far cry from probative evidence that individual had knowledge of the industry and its legal requirements. It merely shows acknowledgment that there are rules that exist. This is plainly inappropriate propensity evidence. In the event the government is not permitted to proceed forward with the Superseding Indictment, this evidence should be excluded under Rule 404(b) and Rule 403—it is far too confusing to justify any minimal probative value. The government has failed to establish otherwise.[1]

V.    **The government's evidence about medical determinations should be excluded unless and until the government can prove that Mr. Naviwala conspired with doctors.**

The government also seems to concede that evidence second guessing other licensed doctors' medical determinations is only made probative by its changes to the original Indictment

---

[1] The government's inclusion of Mr. Naviwala's proffer statements in publicly filed documents in response to his *in limine* motions, once again, violates the proffer agreement it continues to ignore. And to be clear, Mr. Memon was sentenced to 96 months' imprisonment for his participation in *several* crimes, including crimes completely unrelated to health care, including a large SBA loan fraud scandal and illegally possessing numerous firearms, several of which were semi-automatic.

to newly alleged conduct involving Mr. Naviwala's alleged conspiracy with telemedicine companies to obtain allegedly fraudulent prescriptions. *See* Gov't Opp. at 8-9 (citing to Superseding Indictment throughout and distinguishing *United States v. Mattia* based on the newly alleged conduct in Superseding Indictment). Again, because this is newly charged conduct, it renders the charges in the Superseding Indictment untimely and barred by the statute of limitations.

As made clear in Mr. Naviwala's opening brief, the relevant issue is *Mr. Naviwala's* intent and *his understanding* of the conspiracy. Even the Superseding Indictment makes clear that Mr. Naviwala is alleged to have provided doctor's orders that were accompanied by a doctor's medical prescription. Thus, permitting the government to dive into testimony and evidence that attempts to second guess the medical determinations of the licensed doctors who prescribed the braces remains unduly prejudicial and has little to no probative value to a question that will be before the jury. It is extraordinarily unduly prejudicial. The government's intentions are akin to trying to introduce, in a felon-in-possession trial where a gun was recovered from underneath someone's car, evidence that weeks prior someone else used that gun to murder someone. This type of evidence certainly should not be permitted unless and until the government establishes that Mr. Naviwala agreed with these doctors to sign fake or false prescriptions.

The government notes further that it intends to present testimony and evidence that telemedicine companies did not bill patients for telemedicine visits. Gov't Opp. at 8. There are no allegations in the Superseding Indictment that explain how that conduct would be connected to Mr. Naviwala—the conduct itself appears nowhere even in the government's Superseding Indictment—and it does not show, one way or the other, how any of the claims involving Mr.

5

Naviwala were medically unnecessary or fraudulent. Nothing in the Superseding Indictment suggests that Mr. Naviwala had anything to do with the billing decisions of telemedicine companies. It appears that the government is trying to cobble together theories from other of its healthcare trials in the hopes that it will be able to create some sort of uncharged, Frankenstein-esqe theory of why this was fraud. None of this should be permitted in this trial *against Mr. Naviwala*.

**VI.    The government's continued breaches of the proffer agreement and failure to address the indication that it was not entered into knowingly demand that it should not be enforced in this case.**

The U.S. Attorney's Office for the District of New Jersey has taken a clear stand in its position that it does not have to follow the terms of its proffer agreement and can publicly recite statements from a defendant's proffer-protected interviews in response to any court filing and for any legal purpose, even though we are not at trial or at sentencing, even where the statements themselves do not rebut an argument, and even when they are not necessary to address the issue in dispute. *See* ECF Nos. 58, 66, 68, 70, 74,76 & 81. In focusing on flexing its ability to include these statements in publicly filed documents, the government has ignored its burden to overcome the affirmative indication in the record that this is not what was understood by the parties at the time the agreement was entered into. Mr. Marcus's declaration makes clear that he did not understand the proffer agreement to be used this way, as do several legal opinions addressing the point. For the reasons set forth in Mr. Naviwala's previous filings, this Court should not enforce the Proffer Agreement against Mr. Naviwala in this case. *See* ECF Nos. 65, 66, & 70.

**VII.    The government's position that Mr. Quindoza is a fact witness is wrong, but they have conceded that safeguards are appropriate if he testifies.**

The government has elected to proceed with defending Mr. Quindoza's testimony as lay opinion testimony under Rule 701 and, in the alternative, intends to introduce Mr. Quindoza's

testimony about his claims analysis under Rule 702. For the reasons set forth in Mr. Naviwala's

reply to strike Mr. Quindoza's testimony, the government's arguments are wrong, and his

testimony should be stricken altogether. The government, however, concedes that precautions are

appropriate in the event Mr. Quindoza is permitted to testify at all.

**VIII.    The Court should keep the jury following any verdict to determine forfeiture.**

The government does not object to Mr. Naviwala's request that forfeiture be decided by

the jury immediately following the trial of Mr. Naviwala's guilt, and that forfeiture be bifurcated

from the trial determining guilt. Accordingly, the Court should keep the empaneled jury to

address a forfeiture trial in the event there is a conviction on the issue of guilt.

**IX.    The government has conceded the appropriateness of the remainder of Mr. Naviwala's motions.**

The government represents that it does not intend to introduce evidence of Mr.

Naviwala's prior convictions, gun possession, or "sovereign citizenship" ideology, does not

intend to argue that taxpayers are victims, and does not intend to argue the alleged sham

agreements are the false statements that form the basis of the fraud. Gov't Opp. at 11-12. The

Court should grant these motions in light of the government's concessions.

Dated: January 13, 2025

Respectfully submitted,

FORD O'BRIEN LANDY LLP

*/s/ Jamie Hoxie Solano*

Jamie H. Solano
Ifedapo Benjamin
Bryan McCracken
275 Madison Avenue, 24th Floor
New York, NY 10016
T: (212) 858-0040
jsolano@fordobrien.com
ibenjamin@fordobrien.com
bmccracken@fordobrien.com

*Counsel for Defendant Raheel Naviwala*

8

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing memorandum was served on counsel of record on January 13, 2025, by causing said document to be filed electronically using the Court's CM/ECF system.

/s/ *Jamie Hoxie Solano*
Jamie H. Solano