

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7th floor*                    *973-645-2700*
*Newark, New Jersey 07102*

January 24, 2025

**VIA ECF AND E-MAIL**
Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office
      & U.S. Courthouse
Newark, New Jersey 07102

     Re:    *United States v. Raheel Naviwala*, No. 24-cr-99 (MEF)

Dear Judge Farbiarz:

     In response to the Court's instruction, the Government writes to address the question of who bears the burden of establishing whether proposed trial evidence or argument has been derived from privilege materials. The defendant has the initial burden to prove the existence of an attorney-client privilege. *United States v. Boffa*, 513 F. Supp. 517, 523 (D. Del. 1981); *see also United States v. Costanzo*, 625 F.2d 465, 468 (3d Cir. 1980). To do so, he must establish each and every one of the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of the court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication related to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding and not (d) for purposes of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Boffa*, 413 F. Supp. at 523 (citing *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358 (D. Mass. 1950)); *see also In re Grand Jury Investigation*, 599 F.2d 1224, 1233 (3d Cir. 1979) (citing *United Shoe*). If the defendant satisfies that initial burden, the burden shifts to the Government of "establishing that its proof at trial had an independent origin, untainted by the improperly obtained evidence." *Boffa*,

- 2 -

413 F. Supp. at 523 (citing *Alderman v. United States*, 394 U.S. 165, 183 (1967); *Nardone v. United States*, 308 U.S. 338, 341 (1939)).

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

By:    Elaine K. Lou
       Matthew Specht
       Aaron L. Webman
       Assistant U.S. Attorneys

cc:    Counsel of Record