

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

February 17, 2025

**<u>VIA ECF AND E-MAIL</u>**
Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office
      & U.S. Courthouse
Newark, New Jersey 07102

      Re:    *United States v. Raheel Naviwala*, Crim. No. 24-99 (MEF)

Dear Judge Farbiarz:

      Pursuant to the Court's February 14, 2025 request, the Government sets forth its view that the Court has the discretion to reopen evidence after summations if defense counsel's arguments waive the protection of the parties' proffer agreement and open the door to the Defendant's proffer statements.

      The Government is not aware of any statute or rule that limits the Court's authority to reopen evidence under these circumstances. That is because "[a] district court 'retains wide discretion to allow the government to re-open its case to correct errors or if some other compelling circumstance justifies a reopening and no substantial prejudice will occur.'" *United States v. Alcantara*, 674 F. App'x 27, 29 (2d Cir. 2016) (quoting *United States v. Parkes*, 497 F.3d 220, 231 (2d Cir. 2007)). A court's decision to reopen a case is reviewed for abuse of discretion. *Id.* (citing *United States v. Bennett*, 709 F.2d 803, 806 (2d Cir. 1983)). The Second Circuit has held that a court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

      Accordingly, the Second Circuit found no abuse of discretion in *Alcantara* where the court allowed the government to reopen its case after defense counsel opened the door to the defendant's prior conviction during summation. *Id.* At trial, the court had warned defense counsel that making certain arguments would open

the door to the defendant's prior conviction, and defense counsel had agreed not to make those arguments. *United States v. Alcantara*, Crim. No. 13-119, 2015 WL 13214927, at *8 (S.D.N.Y. Apr. 23, 2015). But in summation, defense counsel "argued that Alcantara was taken advantage of by other participants in the criminal scheme and suggested that Alcantara may have lacked the requisite intent to commit the charged crimes." *Alcantara*, 674 F. App'x at 29. Based on those arguments—which questioned the defendant's knowledge and intent—the court reopened the case to allow the government to respond. *Id.* at 30. The government then read two additional stipulations into evidence, the court read a limiting instruction requested by the defendant, and the parties made additional remarks to the jury. *Alcantara*, 2015 WL 13214927*, at *4.

Similarly, in *Goldenberg v. United States*, the trial court found that, during summation, defense counsel opened the door to Goldenberg's proffer statements, and the court allowed the Government to recall an agent who had been present for the proffer. Civ. No. 09-4005, 2012 WL 1599869, at *2 (E.D.N.Y. May 7, 2012) (denying § 2255 motion; waiver caused no prejudice).[1]

Consistent with these cases, the Government respectfully maintains that, should defense counsel open the door to the Defendant's proffer statements during summation, the Government should be permitted to reopen the case and present additional evidence.

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

By:     Elaine K. Lou
        Matthew Specht
        Aaron L. Webman
        Assistant U.S. Attorneys

cc:     Counsel of Record

---

[1] On direct appeal in the same case, the Second Circuit declined to review Goldenberg's claim that his attorney had been ineffective on the same grounds. *United States v. Pirgousis*, 290 F. App'x 388, 391 (2d Cir. 2008).