

February 18, 2025

**FILED VIA ECF**
The Honorable Michael E. Farbiarz
United States District Judge
U.S. District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

   Re:  United States v. Raheel Naviwala, Case No. 24-99

Dear Judge Farbiarz:

   The defendant, Raheel Naviwala ("Mr. Naviwala"), respectfully submits this letter regarding whether the Court should allow the government to reopen its case-in-chief following the defense's closing argument if the Court finds that the undersigned's closing argument is inconsistent with the proffer. The defense objects to the proposed procedure on the grounds that it is not contemplated by the proffer agreement itself and would violate Mr. Naviwala's right to a complete defense, right to effective assistance of counsel, and right to due process.

   First, unlike other jurisdictions, the proffer letter does not permit or contain language allowing the government to use the statements at any stage of the case, and certainly does not say that the statements could be introduced after a defense summation.

   Second, defense counsel needs to know the status of the trial record as a whole in order to effectively formulate a closing argument. A defense closing argument is necessarily a commentary on what the government did—and did not—successfully introduce into the trial record and reasonable inferences therefrom. A closing argument is not an avenue by which the defense can introduce new evidence—it is merely a mechanism to comment on the evidence in the closed record. If the defense cannot freely argue what the government did or did not prove with credible evidence without worrying that additional derogatory information will be added to the record, it will functionally eliminate the defense's ability to point to holes in the government's proofs. This would deprive Mr. Naviwala of the *sin quin non* of a complete defense and effective representation. *See United States v. Ford*, 2005 WL 1129497, at \*5 (D.N.J. May 11, 2005).

   Defense counsel must be free to point the jury to specific holes in the trial record or reasons that the jury should discount certain evidence. For example, in *United States v. Oluwanisola*, the Second Circuit vacated and a reversed a conviction, finding that the defendant's Sixth Amendment rights had been violated because the court adopted the position that the government has advocated for in this case—that cross-examining witnesses about their credibility, memory and perception of certain events "triggered" the Proffer Agreement. 605 F.3d 124, 133-34 (2d Cir. 2010). And even in that case, it appears that the defense was permitted in closing argument to argue the lack of sufficiency of the government's evidence without triggering the proffer. *Id.* at 134; *see also United States v. Rubinson*, 543 F.2d 951, 965–66 (2d

Cir. 1976) ("Defense counsel certainly is entitled to direct the jury's attention to what he believes are loopholes in the government's case and to argue that these loopholes establish the non-existence of facts which the government would have proven if it had the evidence."); *see also United States v. Crawford*, 533 F.3d 133, 141 (2d Cir. 2008) (vacating conviction where district court *sua sponte* allowed government to reopen record after closing arguments and noting that defense "counsel properly relied on the record as it stood for his argument," and that a "later reopening of that record" was "an unusual procedural move"); *see also United States v. Nunez*, 432 F.3d 573 (4th Cir. 2005) (finding an abuse of discretion where district court allowed reopening of government's case to introduce evidence after summations).

Recently, in *United States v. Ibarra*, the Ninth Circuit reversed a conviction where the Court held it was going to permit the introduction of suppressed evidence if the defense argued a theory inconsistent with that evidence at closing. 2024 WL 2746747, at *1 (9th Cir. May 29, 2024). The Ninth Circuit reversed, highlighting the differences between the government's obligations in closing arguments and the defense's obligations in closings:

> "What matters in satisfying the government's burden of proof in a criminal case is not objective reality . . . but the evidence the government presents in court." *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013). Because a defendant "must be free to deny all the elements of the case against him without thereby giving leave to the [g]overnment to introduce by way of rebuttal evidence illegally secured by it," *James v. Illinois*, 493 U.S. 307, 312 (1990) (citation omitted), "[p]resenting a theory of the case that can be effectively rebutted by otherwise-inadmissible evidence . . . does not by itself open the door to using such evidence," *United States v. Sine*, 493 F.3d 1021, 1038 (9th Cir. 2007).

*Id*. And in *Hernandez-Meza*, 720 F.3d at 765, the Ninth Circuit reversed a district court's decision to allow the government to re-open its case to introduce evidence that contradicted the defense's theory and argument, noting that "[s]o long as the defendant doesn't perjure himself or present evidence he knows to be false . . . he's entitled to exploit weaknesses in the prosecution's case, even though he may believe himself to be guilty." *Id.* ("a criminal defendant, unlike the government, needn't have a good faith belief in the factual validity of a defense").

Third, if the Court were to permit the record to be reopened to allow the government to introduce evidence that the government is not currently allowed to introduce in its case in chief after defense counsel argues that that evidence does not exist in the trial record or was not proven by the government beyond a reasonable doubt, such procedure would give the newly introduced proffer statements undue significance and would unduly prejudice the defense. This would punish the defense for exploiting weaknesses in the government's case—the entire point of a defense closing argument. After highlighting what the defense wants the jury to focus on as the weakest points of the government's case, the government will then be afforded the unusual opportunity provide an "answer" to those weak points by supplementing the record. The jury, undoubtedly, will not appreciate any nuance of what is or is not included in the "trial record" as opposed to "real life," and such process will undoubtedly discredit and prejudice all of defense counsel's arguments. *See generally Crawford*, 533 F.3d at 140-43.

Accordingly, the defense respectfully objects to re-opening the record following the defense's closing argument.

Respectfully submitted,

FORD O'BRIEN LANDY LLP

*/s/ Jamie H. Solano*
Jamie H. Solano
Amy C. Brown
Ifedapo E. Benjamin
Bryan M. McCracken
275 Madison Avenue, 24th Floor
New York, NY 10016
(212) 858-0040

*Counsel for Raheel Naviwala*