

February 26, 2025

**<u>VIA ECF</u>**
Hon. Michael E. Farbiarz
United States District Judge
U.S. District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, NJ 07102

Re: <u><em>United States v. Raheel Naviwala,</em></u> No. 24-99 (MEF)

Dear Judge Farbiarz:

We file this letter application with the Court's permission on behalf of the defendant, Raheel Naviwala. Pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, we request that the Court order the government to produce the transcripts of its grand jury presentation for the Superseding Indictment. We further request that the Court dismiss the Superseding Indictment in light of prejudicial, incorrect instructions on the law.

Rule 6(e)(3)(E)(ii) allows the Court to authorize the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P 6(e)(3)(E)(ii). This disclosure "extends to legal instructions given to the grand jury." *See United States v. Smith*, 105 F. Supp. 3d 255, 259 (W.D.N.Y. 2015); *see also United States v. Stevens,* 771 F. Supp. 2d 556, 564 (D. Md. 2011) (granting motion for disclosure based on defendant's concern "the Government may have failed to properly instruct the grand jury regarding the advice of counsel defense"). To obtain grand jury materials, a party must show a particularized need for that information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289–90 (3d Cir. 1989) (district court did not abuse its discretion to order disclosure of grand jury testimony upon showing of particularized need for testimony).

Here, disclosure is appropriate because the record contains a particularized showing that a ground may exist to dismiss the indictment because the grand jury was not properly instructed on the law in a manner that would warrant dismissal. On January 3, 2025, the grand jury returned a Superseding Indictment that included allegations about Mr. Naviwala's alleged involvement with telemedicine companies. ECF No. 73. The Superseding Indictment also contained the following paragraphs concerning when Medicare will reimburse telemedicine visits:

  v.  Telemedicine allowed health care providers to evaluate, diagnose, and treat patients remotely-without the need for an in-person visit-by using telecommunications technology, such as the internet or telephone to interact with a patient.

w.  Medicare deemed telemedicine an appropriate means to provide certain health care related services ("telehealth services") to beneficiaries, including, among other services, consultations and office visits, only when certain requirements were met. These requirements included, among others, that: (a) the beneficiary was located in a rural area (outside a metropolitan area or in a rural health professional shortage area); (b) the services were delivered via an interactive audio and video telecommunications system; and (c) the beneficiary was at a licensed provider's office or a specified medical facility-not at a beneficiary's home-during the telehealth service furnished by a remote provider.

x.  Telehealth services could be covered by, and were reimbursable under, Medicare, but only if telemedicine was generally appropriate, as outlined above, and only if the services were both ordered by a licensed provider and were reasonable and medically necessary to diagnose and treat a covered illness or condition

ECF No. 73 at 7-8.  In addition to the above, Count One of the Superseding Indictment (Conspiracy to Commit Health Care Fraud and Wire Fraud) charges in part:

In furtherance of the conspiracy, Naviwala **worked with and paid telemedicine companies to provide prescriptions for orthotic braces that were: (1) not medically necessary or without regard to medical necessity**; (2) never requested by a Medicare beneficiary; (3) never received by a Medicare beneficiary; and/or (4) provided based on a physician order procured through the payment of kickbacks and bribes despite certification of compliance with applicable Medicare requirements.

ECF No. 73 at 11. Counts Two through Four (Health Care Fraud) charge Mr. Naviwala with causing DME companies to submit claims to Medicare for "medically unnecessary prescription[s]" to beneficiaries for shipment of DME in New Jersey. *Id*. at 14.

As has been made clear during this trial, none of the claims at issue in this case involve claims for telemedicine visits, and the applicable regulation did not require a valid telehealth encounter to bill for the orthotic braces at issue in this case. On January 6, 2025, three days after the Grand Jury returned the Superseding Indictment, the government filed a brief representing that its previously designed expert witness Mr. Quindoza would testify only as a fact witness, and only to the statute and regulations on DME and telemedicine.  ECF No. 74 at 1. As is now well documented, Mr. Quindoza testified that under the regulation in effect at the time, the items listed in the Superseding Indictment were required steps for reimbursement of DME, which was not true. He testified further that under the regulations, Medicare would not reimburse a provider for the durable medical equipment at issue in this case absent "an in-person visit or a valid telehealth visit" because, without face-to-face consultation, a doctor could not determine medical necessity. *See* Feb. 7 Tr. at 396-97. This was also not true.

As the government grappled with Mr. Quindoza's incorrect testimony limited to the regulations in effect at the time, the government disclosed that it did not understand the law. *See* Feb. 21 Tr. at 2158-60. Specifically, on Friday, February 21, 2025, the government told the Court that Medicare had a policy manual that was separate from the regulations, which he had "learned when [he] went back to the office," seemingly sometime earlier that day. *Id.* at 1259. He continued:

> I certainly wish I had that—***the correct understanding of the reg when we started,*** and I certainly wish that when Mr. Quindoza—before Mr. Quindoza's cross—I had been able to talk to him about this issue and put that [policy] in.

*Id*. at 1260. In other words, the government has now acknowledged that it did not have a correct understanding of the law when it obtained the Superseding Indictment.

On Monday, February 24, the government showed up in Court to report that, overnight, it had discovered yet another wrinkle with the law because the AUSA had learned "in consulting over the weekend with my fraud section colleagues," and advanced another new, undisclosed theory of the law applicable in this case related to a fee schedule that was not produced or admitted at trial. Feb. 24 Tr. at 2180-87.

The above reflects a fundamental misunderstanding of the law pertinent to this case at the time the Superseding Indictment was returned. Requirements that are not required by the regulations that the government represented it would be limiting its case to are contained in the Superseding Indictment even though they have no application to the orthotic braces at issue in this case under the regulations. Under these circumstances, there is significant reason to doubt— and in fact—every reason to believe, that the grand jury was misled by the government's incorrect understanding of the law.

Dismissal of an Indictment is appropriate where error "substantially influenced" grand jury's decision to indict or if there is "grave doubt that the decision to indict was free from the substantial influence" of error. *See Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988) Dismissal of an indictment is the appropriate remedy where it appears that an inaccurate or misleading instruction on the law influenced the grand jury's decision to indict. *See United States v. Peralta,* 763 F. Supp. 14, 19-20 (S.D.N.Y.1991) (dismissing indictment where prosecutor misstated concept of constructive possession of contraband)*; Stevens,* 771 F. Supp. 2d at 568 (misleading response to grand juror's question concerning advice of counsel defense warranted dismissal of indictment); *United States v. Cerullo*, 2007 WL 2462111, at *4 (S.D. Cal. Aug. 28, 2007) (dismissing indictment where grand jury was misled on law).

The record reflects a significant reason to believe that the grand jury was incorrectly instructed on the law in a manner and degree that would render dismissal appropriate. In the alternative, if the Court determines that the record is not clear as to whether the grand jury was

incorrectly instructed on the law, we respectfully request the Court order the production of the grand jury transcripts under Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

*/s/ Jamie Hoxie Solano*
Jamie Hoxie Solano
Amy C. Brown
Bryan W. McCracken
Ifedapo Benjamin

*Counsel for Defendant Raheel Naviwala*