

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7ᵗʰ floor*          *973-645-2700*
*Newark, New Jersey 07102*

February 26, 2025

**VIA ECF AND E-MAIL**
Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office
          & U.S. Courthouse
Newark, New Jersey 07102

          Re:     *United States v. Raheel Naviwala*, Crim. No. 24-99 (MEF)

Dear Judge Farbiarz:

          The Government writes in response to the Defendant's letter of 6:40 p.m. this evening. ECF No. 162 ("Defendant's Letter").

          The secrecy of grand jury proceedings is protected by Rule 6(e) of the Federal Rules of Criminal Procedure. The Supreme Court has consistently "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Grand jury secrecy protects important public interests. *Id.* at 219. Among other things, it helps to ensure witness safety and candor and to protect of the reputations of grand jury targets who are not ultimately charged with crimes. *Id.*

          The Defendant claims that "the record contains a particularized showing that a ground may exist to dismiss the indictment because the grand jury was not properly instructed on the law." Defendant's Letter at 1. There is no evidence in the record that the Government incorrectly instructed the grand jury on the law. The Government represents that it did not instruct the grand jury on *any* regulations.[1] This is because, as has been discussed *ad nauseum*, the Government's theory of the case has never relied on proving that the Defendant violated a regulation. *See*, *e.g.*,

---

          [1] Consistent with the Office's standard practice, the recording of the recitation of the jury instructions has not been transcribed and provided to the Government. The Government will request those, if the Court requires it.

Government's February 23, 2025 Letter Regarding a Curative Instruction, ECF No. 147.

Apart from the legal instructions to the grand jury, the transcripts of the single witness who testified before the grand jury, which the Government is providing to the Court *ex parte*, show that the Government did not elicit any testimony from its witness about Medicare regulations beyond what appears in the Superseding Indictment. These are not legal instructions. That part of the testimony was only provided as background and is not essential to the charges.

The Defendant has not carried his burden to pierce grand jury secrecy and has not provided a basis for dismissing the Superseding Indictment. That said, the Government has no objection to excising the background section on telemedicine, ECF No. 140-1 at 7-8, from the copy of the Superseding Indictment that the Court provides to the jury for its deliberations to avoid any potential suggestion that the failure to meet these requirements itself constituted criminal conduct. *See* Tr. 2257:18 – 2259:12 (proposing excision of unnecessary portions of the Superseding Indictment).

Respectfully submitted,

VIKAS KHANNA
Acting United States Attorney

*s/ Aaron L. Webman*

_____

By:    Elaine K. Lou
        Matthew Specht
        Aaron L. Webman
        Assistant U.S. Attorneys

cc:    Counsel of Record

- 2 -