

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

April 9, 2026

Hon. Matthew W. Brann
Chief United States District Judge
U.S. Courthouse and Federal Office Building
240 West Third Street
Williamsport, PA 17701

  Re: *United States v. Raheel Naviwala*, Crim. No. 24-099

Dear Chief Judge Brann:

  The Government writes briefly to explain why Raheel Naviwala's latest motion ("Mot.") has no merit whatsoever. According to Naviwala: (1) Your Honor overlooked in *United States v. Naviwala*, __ F. Supp. 3d __, 2026 WL 658885 (D.N.J. Mar. 9, 2026), one of four grounds he had asserted for dismissing his indictment with prejudice; (2) nothing short of that extraordinary remedy will redress the Appointments Clause violation that Your Honor found had occurred in this case; and (3) the District Court had no authority to appoint Robert Frazer as United States Attorney. Naviwala is wrong, many times over.

  1. To the extent Naviwala is asking the Court to reconsider its denial of his first motion to dismiss his indictment, Mot. at 1, 4–5, his request is untimely. "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." Loc. Civ. R. 7.1(i); *see* Loc. Crim. R. 1.1 (Local Civil Rule 7.1(i) is "applicable to criminal cases"). Thus, Naviwala's deadline for seeking reconsideration was Monday, March 23, which he missed by 11 days. That alone justifies denying his request for reconsideration. *See*

*Baker v. United States*, 670 F.3d 448, 462 (3d Cir. 2012) (affirming denial of motions for reconsideration as untimely).

 **2.**      Nor has Naviwala advanced any reason that would justify reconsideration were his request timely. Overlooking a defendant's meritorious argument might warrant reconsideration, *see* Loc. Civ. R. 7.1(i), but Your Honor made no such error here. After finding "the triumvirate's authority statutorily and Constitutionally unlawful," Your Honor "turn[ed] to the proper remedy." *Naviwala*, 2026 WL 658885, at \*46. Your Honor concluded that "disqualification of the triumvirate" was "proper" but "dismissal" of Naviwala's indictment "was not proper in his case" given "the corrective options available to the Government." *Id.* at \*46– \*47 (cleaned up). Your Honor also noted that "[t]he general structural prejudice that stems from Appointments Clause violations, on which Naviwala so heavily relies," was "not the kind of *specific* problem of *personal* prejudice that is required for dismissal due to a delay in sentencing." *Id.* at \*49 n.525 (cleaned up).

 Accepting for purposes of this motion that there was an Appointments Clause violation here, "[i]t escapes logic to contend that an unlawful appointment somehow retroactively taints a lawfully returned indictment, or any aspect of the prosecution that preceded the appointment." *United States v. Matthei*, No. 24-cr-412, order at 3 (D.N.J. Apr. 6, 2026) (Brann, C.J.) (cleaned up). That's because the remedy for an Appointments Clause violation, if timely raised, would at most be a do-over of proceedings tainted by that violation plus disqualification to prevent that taint from continuing. *See Cirko ex rel. Cirko v. Commissioner of Soc. Sec.*, 948 F.3d 148, 159– 60 (3d Cir. 2020); *Naviwala*, 2026 WL 658885, at \*46; *United States v. Giraud*, No. 24-cr-768, 2025 WL 2196794, at \*7–\*11 (D.N.J. Aug. 1, 2025); NDE294-1, at 31–32.[1]

---

 [1] Citations to "NDE" refer to the corresponding docket entry in *Naviwala,* using the pagination of that entry's header.

Here, there's no proceeding to do over: Naviwala's post-verdict motions remain pending, and if those motions are denied, he'll be sentenced. Nor is there any need to disqualify anyone anymore, given Mr. Frazer's appointment. *See Matthei*, order at 2–3. What's more, the Supreme Court "has remanded cases or otherwise permitted ratification or correction even in the face of appointments problems." *Naviwala*, 2026 WL 658885, at *47. Although nothing has happened in this case requiring ratification, Mr. Frazer could—and would—provide that ratification if something had. *See Kajmowicz v. Whitaker*, 42 F.4th 138, 147–48, 152 (3d Cir. 2022); *United States v. Westbrook*, No. 23-cr-779, 2025 WL 3034055, at *3–*4 (D.N.J. Oct. 30, 2025); *Matthei*, order at 3. So Naviwala has already received "whatever relief may be appropriate if a violation indeed occurred." *Ryder v. United States*, 515 U.S. 177, 182–83 (1995).

**3.** That leaves Naviwala's challenge to Mr. Frazer's appointment. According to Naviwala, the "triggering event" necessary for the District Court to appoint an interim United States Attorney under 28 U.S.C. § 546(d) "has not happened here": "the expiration of the 120-day interim term of an Attorney General-appointed U.S. Attorney." Mot. at 1. For added measure, Naviwala faults the District Court for not expressly citing to any "triggering event." Mot. at 10. And Naviwala suggests that the only "way for the" USAO-NJ to keep functioning is to "have the President nominate an individual whom the Senate will confirm." Mot. at 13. All of that ignores what Your Honor said in *Naviwala* and *Giraud* about the District Court's continuing authority to appoint an interim United States Attorney under § 546(d) after the President terminated the District Court's first appointee.

Your Honor said in *Naviwala* that "the Judges of the District of New Jersey may still appoint a United States Attorney to serve *indefinitely* until a nominee is confirmed pursuant to 28 U.S.C. § 546(d)." *Naviwala*, 2026 WL 658885, at *3. Your Honor added that such "[a]n appointment" would "give the Government the power

to move prosecutions ahead and ratify past actions that have not yet been invalidated." *Id.* That necessarily followed from Your Honor's conclusions that: (1) the President had "authority to terminate" the District Court's prior "section 546(d) appointment" of Desiree Grace, *Naviwala*, 2026 WL 658885, at *8; (2) the District Court could "act … again" to appoint a United States Attorney under § 546(d) after that termination, *United States v. Giraud*, 795 F. Supp. 3d 560, 583 (D.N.J.), *aff'd*, 160 F.4th 390 (3d Cir. 2025); and (3) "[t]here is no time limit on when the District Court may use its section 546(d) power," *id.* at 584.

Your Honor also rejected the argument that only Senate confirmation of the President's nominee can replace a judicially appointed United States Attorney. For Naviwala's benefit, the Government quotes below Part II.C of the *Naviwala* opinion:

> When the Office of a United States Attorney is vacant following an interim appointment under 28 U.S.C. § 546(a), 28 U.S.C. § 546(d) authorizes "the district court [to] appoint a United States attorney to serve until the vacancy is filled." Defendants contend that the District Court's power is exclusive, and that, once section 546(d) is triggered, other methods of filling the Office must give way. But, as the Government correctly recalls, I already considered and rejected that argument in the prior litigation. *To the extent that Defendants are attempting to raise a distinct argument that the President does not have authority to terminate a section 546(d) appointment, I reject that argument too.* I previously suggested that the President's section 541(c) power to terminate a United States Attorney applies to one appointed under section 546(d), and I see no sound textual basis for reading an exception into section 541(c). Granted, the Supreme Court has historically held that "[t]he power to remove is, in the absence of statutory provision to the contrary, an incident of the power to appoint," but here, section 541(c) is the statutory provision addressing removal of a United States Attorney. In any event, recent Supreme Court precedent has called into question Congress's power to deprive the President of the power to remove officers, so my facially supported reading of the statutory scheme is reinforced by the canon of Constitutional avoidance.

*Naviwala*, 2026 WL 658885, at *8 (footnotes omitted; emphasis added).

Your Honor also made clear that § 546(d) isn't "a one-and-done option." NDE302 at 11:4–5. Just as nothing in the text of 28 U.S.C. § 546(a) limits the Attorney General to "a single appointment," *Giraud*, 795 F. Supp. 3d at 578–79, nothing in § 546(d)'s text limits the District Court to a single appointment, either. To the contrary, § 546(d) uses the indefinite article "a" to describe the appointee, which shows there can be more than one. *Cf. Giraud*, 795 F. Supp. 3d at 579 ("Indefinite articles indicate that the thing referred to is nonspecific, and Congress's choice to use an indefinite article here indicates that more than one individual may be the subject of the … appointment power[.]"). Thus, once the District Court's appointment authority attaches after "an appointment" under § 546(a) "expires under" § 546(c)(2), the District Court "may" keep "appoint[ing] a United States attorney to serve until the vacancy is filled" by some other means, § 546(d), such as a Senate-confirmed Presidential appointee under § 541(a).

Finally, Your Honor noted in *Naviwala* that a § 546(d) appointment was one of "least three *undisputedly legal methods*" that "were *immediately available* to fill the United States Attorney's position and resolve this controversy." 2026 WL 658885, at *3. And in *Giraud*, over the Government's objection, Your Honor held that the Attorney General's appointment authority under § 546(a) was limited to "an aggregate term of 120 days," after which § 546's "appointing power shifts" exclusively "to the district court." 795 F. Supp. 3d at 578–79. According to Your Honor, that meant Alina Habba's "appointment as Interim United States Attorney" under § 546(a) "expired on July 1, [2025]." *Giraud*, 795 F. Supp. 3d at 604. Moreover, the Attorney General never made another interim appointment under § 546(a) for this District, which the Government maintains would have displaced the District Court's § 546(d) appointment authority. So according to Your Honor, the District Court first obtained authority under § 546(d) to appoint a United States Attorney in early July 2025, *see Giraud*, 795 F. Supp. 3d at 578, 580, 582, 584, 604,

and the District Court still had that authority when it appointed Mr. Frazer as United States Attorney on March 23, 2026, *see Naviwala*, 2026 WL 658885, at *3.

\* \* \*

For all these reasons and those the Government has advanced in its prior briefing, Naviwala's motion should be denied and his case transferred back to the Honorable Michael E. Farbiarz, U.S.D.J. The Government thanks the Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

Mark E. Coyne
Supervisory Assistant U.S. Attorney
Chief, Appeals Division

cc:    Counsel of Record (via ECF)