**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*973-645-2700*

October 13, 2026

**VIA ECF**
Hon. Michael E. Farbiarz
United States District Judge
District of New Jersey
Frank Lautenberg Post Office
& U.S. Courthouse
Newark, New Jersey 07102

Re: *United States v. Raheel Naviwala*, Crim. No. 24-99 (MEF)

Dear Judge Farbiarz:

The United States submits this response to defendant Raheel Naviwala's October 8, 2026 letter informing the Court that he intends to move "the Court of Appeals for both panel rehearing and rehearing en banc" and asking the Court to "wait to see if the Court of Appeals grants Mr. Naviwala's motion for rehearing before scheduling any matters in this case or issuing a briefing schedule on the pending Rule 29 matter." ECF No. 337. In other words, Naviwala asks, again, for delay, and the United States must ask, again, that the case by allowed to proceed. *See* ECF No. 334 (documenting Naviwala's history of seeking delay).

Though it took the motions panel longer to dismiss Naviwala's interlocutory appeal than the United States had expected, *see* ECF No. 334, the unanimous panel saw his appeal for what it was: a premature appeal from the denial of his motion to dismiss the Indictment and disqualify the prosecutors. He can pursue neither claim under the collateral order doctrine, and must wait until this Court enters a judgment of conviction. *See* Order, *United States v. Naviwala*, No. 26-1896 (3d Cir. Oct. 7, 2026), Doc. 20-2 at 2 ("The order denying the defendant's motion to disqualify the prosecutor and dismiss the charges is not an immediately appealable collateral order.").

When the Court of Appeals dismissed Naviwala's improper interlocutory appeal, it also issued a certified order in lieu of the mandate. *See* ECF No. 336-1 at 2. This Court can now proceed to the merits of Naviwala's long-pending post-trial

motions and then proceed to sentencing. *See United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate.").[1]

Naviwala's promised petition for panel rehearing and rehearing en banc does not justify even more delay. Because the mandate issued, the Court of Appeals would have to recall the mandate to divest this Court of jurisdiction.[2] *See United States v. DiLapi*, 651 F.2d 140, 144 (2d Cir. 1981). As the Second Circuit explained in *DiLapi*, the "issuance of the mandate" in the defendants' Double Jeopardy-based interlocutory appeal in that case "terminated" the appellate court's "jurisdiction." *Id.* "The filing of a petition for rehearing did not revest jurisdiction in" the Court of Appeals—something the defendants "apparently recognized by moving to stay the trial[,]" which the Court of Appeals denied. *Id.* "In the absence of a recall of the mandate or a stay of the trial, the District Court was entitled to exercise the jurisdiction it acquired upon the issuance of the mandate from this Court." *Id.* So, too, here.

Accordingly, the United States respectfully requests that this Court give Naviwala no later than until Friday, October 23, to file a "relatively short"—"no more than 10 pages"—"supplemental" brief in support of his Rule 29 motion and set firm dates for any argument on that motion and for sentencing if this Court denies that motion. *See* ECF No. 335.

Finally, given how long this prosecution has languished, Naviwala's well-documented history of delay, the more than $10 million in ill-gotten gains the United States is seeking in forfeiture, and the more than $100 million in restitution the United States is seeking on behalf of the victims, this Court should require Naviwala to provide sworn assurances that he is not dissipating assets and that he

---

[1] The certified order contains everything a mandate must contain. *See* Fed. App. P. 41(a). The Court of Appeals had the discretion to "shorten … the time by order" in which the mandate would otherwise issue under the default rule. *Id.* at (b); *see, e.g.*, *United States v. Melvin*, 978 F.3d 49, 54 (3d Cir. 2020) (directing "the Clerk of Court to issue the mandate forthwith" under Rule 41(b)). And the mandate was "effective when issued." Fed. App. P. 41(c).

[2] In any event, Naviwala faces a steep uphill climb in trying to persuade a majority of the Third Circuit's active judges to allow his interlocutory appeal to proceed. This Court does not owe the decision in *Rogoff v. Trump*, No. 2:25-cv-2566, 2026 U.S. LEXIS 225797 (W.D. Wash. Oct. 1, 2026), more deference than the Third Circuit showed it. A "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (cleaned up).

has truthfully disclosed to Probation every asset he owns, constructively owns or has transferred or sold since the jury verdict.

The United States thanks the Court for its consideration.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*s/ Aaron L. Webman*
Elaine K. Lou
Aaron L. Webman
Assistant U.S. Attorneys

cc: Counsel of Record (via ECF)